# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PIERRE CARL BERGERE,

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:12-cv-00250-GMN-CWH

**ORDER**

    Before the court are the petition for a writ of habeas corpus (#9), respondents' motion to dismiss (#11), petitioner's response (#17), and respondents' reply. The court finds that this action is untimely, and the court grants the motion to dismiss on that ground.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). Section 2244(d) is subject to equitable tolling. Holland v.

Florida, 130 S. Ct. 2549, 2560 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  The petitioner effectively files a federal petition when he mails it to the court.  Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  The court can raise the issue of timeliness on its own motion.  Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

Pursuant to a plea agreement, on February 19, 2008, petitioner was convicted in state court of voluntary manslaughter with the use of a deadly weapon.  Ex. 11 (#12).  Petitioner did not appeal, and the judgment of conviction became final on March 20, 2008.  Nev. R. App. P. 4(b)(1) (thirty-day period to appeal criminal judgment).  Three hundred twelve days later, on January 26, 2009, petitioner filed a post-conviction habeas corpus petition in state district court.  Ex. 13 (#12).  Ultimately, the petition was unsuccessful, and the Nevada Supreme Court affirmed its denial on September 14, 2011.  Ex. 63 (#14).  Remittitur issued on October 10, 2011.  Ex. 64 (#14).  The federal one-year period of limitation was tolled while the state-court petition was pending.  28 U.S.C. § 2244(d)(2).  One hundred twenty-eight days after the issuance of the remittitur, on February 16, 2012, the court received the petition (#9).  Petitioner did not state when he gave the petition to prison officials for mailing, but the financial certificate attached to the petition was dated by a prison official on February 3, 2012.  Petitioner could not have mailed the petition to the court before then.

The petition is untimely.  The two periods of time that are not tolled combine to a total of four hundred forty non-tolled days, which exceeds the one-year period of § 2244(d)(1).[1]

The court is not persuaded by petitioner's argument for equitable tolling.  Petitioner complains that access to the prison's law library is limited and that he experienced delays in obtaining forms.  However, at the conclusion of his state habeas corpus proceedings, petitioner had

---

[1] If the court uses the date on the financial certificate, then the total non-tolled time passed is four hundred twenty-seven days, which still is untimely.

a fully briefed state habeas corpus petition that he could have presented to this court, and he had almost two months in which to send such a petition to this court.  Nothing in petitioner's arguments indicates why he was unable simply to copy his claims from his state petition onto this court's petition form and send it to this court.  In short, petitioner has not demonstrated either diligence in pursuing his rights or extraordinary circumstances that kept him from filing his federal petition on time.

Respondents raise other arguments in their motion to dismiss, but the court will not consider them because the court has determined that this action is untimely.

After respondents filed their reply (#18), petitioner filed a response (#20).  Respondents argue correctly in their motion to strike (#21) that the response is not authorized either by rule or by order of the court.  The court grants respondents' motion and will strike the response (#20).

The court denies petitioner's ex parte motion for appointment of counsel (#23) and motion for summary judgment (#25) because the court has concluded that this action is untimely.

Reasonable jurists would not find the court's conclusions on timeliness to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that respondents' motion to strike (#21) is **GRANTED**. The clerk of the court shall **STRIKE** petitioner's unauthorized response (#20).

IT IS FURTHER ORDERED that petitioner's ex parte motion for appointment of counsel (#23) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for summary judgment (#25) is **DENIED**.

IT IS FURTHER ORDERED that respondents' motion to dismiss (#11) is **GRANTED**. This action is **DISMISSED** with prejudice as untimely.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED this 6th day of February, 2013.

_____
GLORIA M. NAVARRO
United States District Judge